IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HILDA M. HORTA-ACEVEDO<br>Plaintiff<br><br>vs<br><br>YOLANDA ZAYAS, in her personal capacity and as SECRETARY OF THE DEPARTMENT OF THE FAMILY; GRETCHEN COLL, in her personal and official capacities as ADMINISTRATOR OF THE ADMINISTRATION FOR THE SOCIOECONOMIC DEVELOPMENT OF THE FAMILY; ROSA M. ABRIL-DE-GONZALEZ, in her personal and official capacity as DEPUTY ADMINISTRATOR FOR OPERATIONAL SERVICES OF THE ADMINISTRATION FOR THE SOCIOECONOMIC DEVELOPMENT OF THE FAMILY; JOHN DOE AND RICHARD ROE<br>Defendants | CIVIL 04-1869CCC |

## OPINION AND ORDER

This is a civil rights action brought under the purview of 42 U.S.C. §1983 by plaintiff Hilda M. Horta-Acevedo (Horta) against defendants Yolanda Zayas (Zayas), Gretchen Coll (Coll) and Rosa M. Abril de González (Abril). Horta alleges that she was terminated from her position as Director for the Nutritional Assistance Program at the Department of the Family of the Commonwealth of Puerto Rico because of political discrimination by defendants. Before the Court now is the Motion for Summary Judgment filed by all three defendants on May 2, 2005 (**docket entry 17**), its accompanying Memorandum in Support (**docket entry 18**) and Statement of Uncontroverted Material Facts (**docket entry 16**), together with plaintiff's opposition filed on May 12, 2005 (docket entry 21), as well as defendants' Motion to Strike Plaintiff's Counter Statement of Material Facts filed on May 27, 2005 (**docket entry 23**), which remains unopposed.

CIVIL 04-1869CCC                                                2

      We turn first to the latter motion, given that its resolution may help determine which facts are relevant for the adjudication of the summary judgment requested.  In their Motion to Strike, defendants seek the elimination of the "Opposing Statement of Material Facts" allegedly submitted by plaintiffs in conjunction with their opposition to the Motion for Summary Judgment since she limits herself to rebut all the uncontroverted material facts proposed by defendants by merely arguing against them but without submitting any evidence which would contradict their assertions.  Under Local Rule 56(c), "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts" that "shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material fact and unless a fact is admitted, shall support each denial or qualification by a record citation as required by [subsection (e) of] this rule."  Subsection (e) of Local Rule 56 provides, in turn, that "[a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion.  The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment."

      In this instance, however, plaintiff has simply opted not to submit an opposing statement of material facts.  Thus, to the extent that defendants' Motion to Strike (**docket entry 23**) seeks the elimination from the record of a non-existent opposing statement of facts, the same is DENIED.  Instead of submitting an opposing statement of material facts, plaintiff chose to argue that the record citations offered by defendants in support of their statements do not support them, or that the statements omit relevant information.  We have carefully examined each of the uncontroverted material facts proposed by defendants and the record citations offered by them in support.  The recitation of facts that follows is based on those proposed uncontroverted facts submitted by defendants which our review has shown to be properly supported by record citations as required by Local Rule 56(b) and which, since they were never

CIVIL 04-1869CCC                                              3

properly controverted, must be deemed admitted under Local Rule 56(e), as well as on any allegations of the complaint that have not been supplanted by the admitted facts.

We turn to those facts. Plaintiff Horta was an employee of the Department of the Family for twenty-six (26) years. She is also a registered voter and supporter of the New Progressive Party (NPP), the Island's pro-statehood political party. The NPP lost control of Puerto Rico's public administration in the elections of 2000 to its archrival, the pro-Commonwealth Popular Democratic Party (PDP). Defendant Zayas was appointed as Secretary of the Department of the Family by newly elected Governor Sila Calderón in January 2001. Defendant Coll was appointed administrator of the Administration for the Socioeconomic Development of the Family, while Abril became the Deputy Administrator of Operational Services for said Administration. All three defendants are alleged to be sympathizers of the PDP.

On February 22, 2002, defendant Coll assigned an employee, Sonia Rodríguez-Soler (Rodríguez), under plaintiff's supervision and requested that plaintiff assign her duties congruous to her classification as an Executive Director III. As stated above, plaintiff was the Executive Director of the Nutritional Assistance Program, known in Spanish as "PAN-PAN Y TRABAJO." Plaintiff, however, did not assign Rodríguez any duties claiming that there were no positions available for an Executive Director III under her supervision but that they were available at the Bayamón regional office. On February 27, 2002, Coll required Horta to assign a position with appropriate duties to Rodríguez by March 8, 2002. Since plaintiff did not comply, on April 4, 2002 defendant Coll sent her a written admonishment imputing insubordination, instructed her to sign the attendance sheets of Rodríguez, and warned her that any additional act of insubordination could result in a disciplinary sanction.

On August 21, 2002, Coll informed Horta that since she had still not assigned any duties to Rodríguez, her situation was discussed with defendant Abril and the two of them had decided to put Rodríguez in charge of the "MENU" program, which was placed under the supervision

CIVIL 04-1869CCC                                              4

of the "PAN" program that Horta directed.  On September 25, 2002, Abril provided Horta with a description of the duties assigned to Rodríguez.  Plaintiff, however, had complained to Coll and Abril on August 26, 2002 about their placement of the MENU program under her supervision without first being consulted, which she claimed implicated additional duties without additional compensation.  Abril replied to her complaints on September 16, 2002 with a second admonishment, based on what she described as Horta's refusal to follow instructions, and her failure to "recognize the managerial prerogatives of [Abril] and [Coll] to assign to [her] the supervision of the MENU program and the supervision of a particular employee."  See Exhibit 6 to defendants' Motion for Summary Judgment, Abril's Reprimand to Horta dated September 16, 2002.  Abril also informed Horta that she was referring the matter to the Legal Division of the Office of the Secretary for further disciplinary action.  On October 10, 2002, Coll made the referral to the Legal Division.

As a result of said referral, on November 13, 2002 defendant Zayas sent plaintiff a letter of intent to suspend her from employment and salary for a term of forty-five (45) days.  An informal administrative hearing was held on December 16, 2002, and upon the recommendation of the Legal Office plaintiff was suspended from her employment and salary by defendant Zayas on January 7, 2003.

The record reveals that once Horta returned to work after having served her suspension, her problems with Rodríguez continued.  On March 6, 2003, Rodríguez complained to Horta that given her rejection of the functions that Abril had assigned to her months before, she still remained without any assigned duties.  On March 12, 2003, Rodríguez complained to Abril of being mistreated by Horta.  On March 26, 2003, similar complaints were voiced by Rodríguez in a written memo she addressed to Coll.

In addition to Rodríguez, other employees were complaining about Horta too.  On March 12, 2003, Ms. Carmen Guzmán de León (Guzmán), an Executive Director II under Horta's supervision, complained to Abril that Horta had mistreated her when she asked for two hours

CIVIL 04-1869CCC                                         5

of medical leave. This event, which apparently was just the latest episode in a series of incidents between these two women, prompted Guzmán to request Coll on March 24, 2003 that she be reassigned to another work area, which Coll did the day after.

On April 25, 2003, Zayas notified Horta with a letter of intent to terminate her employment based on the complaints received about the hostile work environment created by her and her refusal to assign any duties to Rodríguez. On September 8, 2003 Horta was terminated by Zayas.

Defendants' motion for summary judgment raises a panoply of arguments, including Colorado River abstention, statute of limitations, Eleventh Amendment immunity, failure to state a political discrimination claim, and qualified immunity. We need not dwell on all of them, however, as the undisputed facts supported by the record, and recounted above, plainly defeat plaintiff's claim that her destitution was politically motivated.

After all, summary judgment is particularly appropriate where "the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation," Rivera-Cotto v. Rivera, 38 F.3d 611, 613 (1st Cir.1994) (internal quotation omitted). That is precisely what plaintiff has done here. Under the burden-shifting analysis developed after Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), in an action for political discrimination "a plaintiff bears the initial burden of showing that political discrimination was the substantial or motivating factor in a defendant's employment decision. The defendant must then show that the decision would have been the same even in the absence of the protected conduct." Avilés-Martínez v. Monroig, 963 F.2d 2, 5 (1st Cir. 1992) (internal citations omitted). Here, plaintiff simply failed to meet her initial burden, since only argument, but no evidence, has been submitted at the summary judgment stage to show that her termination was motivated by political animus. Under Mt. Healthy's framework, that would be enough to end our inquiry.

CIVIL 04-1869CCC                                              6

      Even if she had succeeded in clearing that initial hurdle, defendants have been successful in demonstrating that plaintiff would have been terminated regardless of any discriminatory political motivation on their part. Indeed, they had little difficulty laying out the nondiscriminatory reasons for her dismissal. Defendants have shown, and Horta has not denied, that she repeatedly refused to assign duties to Rodríguez after being ordered on several instances to do so, which defendants characterized as insubordination. While "the plaintiff may discredit the proffered nondiscriminatory reason, either circumstantially or directly, by adducing evidence that discrimination was more likely than not a motivating factor" Padilla-García v. Guillermo Rodríguez, 212 F.3d 69, 77 (1st Cir.2000), Horta has failed to do that here too. Indeed, plaintiff initially alleged in her complaint that her refusal to assign duties to Rodríguez was based on the lack of a position with her classification within the program she directed, and that defendants just used that refusal as a pretext to discriminate against her for political reasons. Nonetheless, she plainly failed to submit evidence in support of those allegations as part of the summary judgment record. Having opted to offer nothing to directly undermine defendants' proffered nondiscriminatory reasons for her dismissal, Horta has failed to show that discrimination was more likely than not a motivating factor in her discharge. Accordingly, and for the reasons stated, plaintiff has failed to state a claim for political discrimination under the First Amendment.

      While plaintiff has also raised a claim under the Equal Protection Clause, see e.g. Complaint (docket entry 1) at p. 9, ¶24, the basis for such a claim never seemed clear from the complaint's factual allegations nor was it better developed at the summary judgment stage. Indeed, plaintiff has made no effort to position her claim within the familiar equal protection framework: she has not claimed membership in a protected class or demonstrated that other persons, similarly situated, were treated differently to her. Her inability to identify these doctrinal rudiments is fatal to any equal protection challenge. See Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 7-10 (1st Cir.2001); Hennessy v. City of

CIVIL 04-1869CCC					7

Melrose, 194 F.3d 237, 244 (1st Cir.1999); Gilbert v. City of Cambridge, 932 F.2d 51, 66 (1st Cir.1991).  Therefore, to the extent any such claim was raised in the complaint, the same is also DISMISSED.

We need go no further.  For the reasons stated, defendants' Motion for Summary Judgment (**docket entry 17**) is hereby GRANTED, and plaintiff's claims under the federal Constitution and laws are ORDERED DISMISSED, with prejudice.  As there are simply no federal causes of action left in this case,[1] we will refrain from entertaining any of the supplemental claims also asserted by plaintiff in her complaint.  Thus, her supplemental claims under the Constitution and laws of the Commonwealth of Puerto Rico are also ORDERED DISMISSED, but without prejudice.  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on February 28, 2006.

					S/CARMEN CONSUELO CEREZO
					United States District Judge

---

[1] Although the complaint also alleges a violation to plaintiff's due process rights, in listing the causes of action she clearly limited that claim as being raised only under the Constitution and laws of the Commonwealth, cf. Complaint, pp. 9-10, ¶¶23-26 with p. 10, ¶¶27-28.  Being a supplemental claim, we will not entertain it.